[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO STRIKE NO. 119
The defendant has moved to strike the second count of the plaintiff's amended complaint on the grounds that the plaintiff has failed to plead sufficient facts to state a claim for breach of the implied duty of good faith and fair dealing in an insurance contract.
This case arises out of an automobile accident involving the plaintiff, Joanne Puglio, and Sears Vines, who at the time drove an automobile owned by Essie Vines. The plaintiff alleges that although she sustained injuries in the accident due to the negligence of Sears Vines and Essie Vines acting through Sears Vines, she was unable to collect damages from either Essie or Sears Vines because they were uninsured at the time of the accident. In the present action, the plaintiff seeks to recover from her own insurance company pursuant to the "uninsured motor vehicle" provision of her own policy.
In count one of her two-count amended complaint, filed on June 15, 1993, the plaintiff alleges the defendant has "wrongfully failed and refused to pay any uninsured motorist coverage benefits to the plaintiff as provided for under said insurance policy." In count two, the plaintiff incorporates count one and further alleges that "[b]y its said conduct, the Defendant, . . ., has breached its implied covenant . . . of good faith and fair dealing and has willfully and wantonly delayed the reasonable adjustment of the Plaintiff's loss to the Plaintiff's further loss and damage."
On September 13, 1993, the defendant filed a motion to strike the second count of plaintiff's amended complaint, along with a supporting memorandum of law. The plaintiff filed an objection and memorandum of law in support of its objection on September 23, 1993. CT Page 8259
A motion to strike may be used to challenge the legal sufficiency of the allegations of a complaint, or any counts of a complaint, to state a claim upon which relief can be granted. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). A motion to strike admits all well pleaded facts. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). While this includes facts necessarily implied and fairly provable, it does not include legal conclusions or opinions stated in the complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862
(1992). In fact, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 215.
In support of its motion to strike the second count of the plaintiff's amended complaint, the defendant argues that the plaintiff fails to allege facts supporting a cause of action for breach of the covenant of good faith and fair dealing, but instead merely avers bad faith in conclusory language. The plaintiff opposes this motion, arguing that the second count does allege "sufficient facts to support a cause of action sounding in breach of covenant of good faith and fair dealing."
Connecticut courts have found that all insurance contracts include an implied covenant of good faith and fair dealing. Buckman v. People Express, Inc., 205 Conn. 166, 170,530 A.2d 596 (1987); L.F. Pace Sons, Inc. v. Travelers Indemnity Co.,9 Conn. App. 30, 49, 514 A.2d 766 (1986). However, courts have also stressed that breach of contract based on tortious conduct "must be alleged in terms of wanton and malicious injury, evil motive and violence for punitive damages may be awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." (Citations omitted; internal quotation marks omitted.) L.F. Pace Sons, Inc. v. Travelers Indemnity Co., supra, 48; Buenaventura v. Savings Bank Life Ins., 2 Conn. L. Rptr. 747, 748 (October 12, 1990, Heiman, J.) (stressing the need for some type of extreme conduct).
Further, in a case involving a challenge to jury instructions on the covenant of good faith and fair dealing in an insurance contract, the court found sufficient instructions that included the following: CT Page 8260
 `Good faith and fair dealing mean an attitude or state of mind denoting honesty of purpose, freedom from intention to defraud and generally speaking means faithful to one's duty or obligation . . . an honest intention not to take an unconscientious (sic) advantage of another . . . .' . . . `[B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'
Buckman v. People Express, Inc., supra, 171 (quoting from trial court's jury instructions).
In order to make a claim for a tortious breach of contract, the plaintiff must allege that the defendant did more than simply deny the plaintiff's claim for benefits. The second count of the plaintiff's amended complaint does not include any specific allegations that meet the standards set out by the courts for conduct that breaches the implied covenant of good faith and fair dealing.
The second count of the amended complaint is essentially an impermissible legal conclusion. Other than incorporating the allegations of the first count, which does not contain claims of outrageous conduct or willful behavior, the second count fails to allege further conduct by the defendant that breaches the covenant. Rather, the count concludes that the defendant breached the covenant without alleging facts to support that conclusion. Therefore, the court grants defendant's motion to strike the second count of the amended complaint for failure to state a claim upon which relief can be granted.
THE COURT
MAIOCCO, J.